495 P.2d 1

**Juanita JOHNSON, Plaintiff-Appellant,**

v.

**Richard K. GORTON, Defendant-Respondent.**

**No. 10514.**

Supreme Court of Idaho.

March 21, 1972.

Kenneth E. Lyon, Jr., Pocatello, for plaintiff-appellant.

Merrill & Merrill, Pocatello, for defendant-respondent.

McQUADE, Chief Justice.

This appeal challenges application of the statute of limitations [1] to an action for allegedly negligent failure by a surgeon to remove a bullet during emergency treatment of a gunshot wound in 1959. The original complaint, filed in 1969, alleged that the defendant surgeon failed to disclose the continued presence of the bullet, that he led plaintiff to believe it had been extracted, and that a subsequent infection caused by the bullet necessitated removal of a kidney. On defendant's motion the district court dismissed the complaint, ruling that it was barred by the statute. Although plaintiff was permitted to amend the complaint, the amended version did not differ materially from the original. Defendant again moved to dismiss but changed his motion to one for summary judgment upon filing an affidavit stating that he last treated plaintiff in 1960. In her responsive affidavit plaintiff repeated the allegations of the complaint, adding only that some time within two years of filing the action another unidentified physician, attempting to diagnose pains in the area of the wound, had discovered the bullet. The court granted summary judgment and ordered the amended complaint dismissed without leave to amend further. Plaintiff appealed.

### I.

The district court's order rested on a ruling that the statute of limitations was not tolled until discovery of the cause of action. That ruling was based, in turn, on the court's view that the facts alleged did not bring the case within the law of discovery enunciated by this Court in Billings v. Sisters of Mercy: [2]

> "[W]here a foreign object is negligently left in a patient's body by a surgeon and the patient is in ignorance of the fact, and consequently of his right of action for malpractice, the cause of action does not accrue until the patient learns of, or in the exercise of reasonable care and diligence should have learned of the presence of such foreign object in his body." [3]

We concur in the trial court's interpretation, that the bullet in this case was not a foreign object in the *Billings* sense. In *Billings* a gauze sponge had been inserted into the plaintiff's body during surgery and negligently left there. In the present case defendant did not insert the object allegedly causing damage; rather he simply did not remove it in the course of treatment.

However, developments in the law of discovery since *Billings* was decided have altered the context in which the facts of this case must be analyzed. In Renner v. Edwards,[4] this Court extended discovery to alleged misdiagnosis and resultant mistreatment, rejecting the contention that discovery should be limited to foreign objects cases. The *Renner* decision thrust Idaho into the vanguard of states expanding the scope of discovery in malpractice cases.[5]

Moreover, the broad holding in *Renner* undercut an earlier decision by this Court in Trimming v. Howard.[6] The complaint

---

1. I.C. § 5–214 read with § 5–219, in pertinent part, provides: "The periods prescribed for the commencement of actions other than for the recovery of real property are as follows[:] * * * Within two years * * * [a]n action to recover damages for an injury to the person."

2. 86 Idaho 485, 389 P.2d 224 (1964).

3. 86 Idaho, at 497–498, 389 P.2d at 232.

4. 93 Idaho 836, 475 P.2d 530 (1970).

5. *See*, e. g., Frohs v. Greene, 253 Or. 1, 452 P.2d 564 (1969) ; Janisch v. Mullens, 1 Wash.App. 393, 461 P.2d 895 (1969) ; Wilkinson v. Harrington, 243 A.2d 745 (R.I.1968) ; Yoshizaki v. Hilo Hospital, 50 Hawaii 150, 433 P.2d 220 (1967).

6. 52 Idaho 412, 16 P.2d 661 (1932).

in that case alleged that a physician had left part of a hypodermic needle in the plaintiff's body, and, after failing to recover it in subsequent surgery, falsely assured plaintiff that the needle had been removed. The statute of limitations had run before an action was filed, but plaintiff argued that the statute should be tolled in case of fraudulent concealment until discovery of the cause of action. The *Trimming* Court held to the contrary, stating that the statute was tolled only where fraud rather than negligence was the substantial cause of action and there "could have been no injury except for the fraud." [7] That holding conflicted with broader application of the fraudulent concealment rule in several other jurisdictions.[8] The force of the holding diminished after *Billings*, for had the *Trimming* plaintiff brought his action after *Billings* was decided he might have prevailed on a foreign object theory. Thus, all that remained of *Trimming* was its language restricting fraudulent concealment. When *Renner* applied discovery to alleged misdiagnosis and resultant mistreatment, the *Trimming* language was not expressly disapproved, but it was rendered obsolete because fraudulent concealment no longer formed a basis for distinguishing one kind of negligent treatment case from another.

■ It is this general thrust of *Renner* that makes it instructive for the present case. However, the specific holding in *Renner* on negligent misdiagnosis with resultant mistreatment cannot be applied directly. Because the present plaintiff's injury consisted of an open gunshot wound of which both she and defendant were aware, no diagnosis in the usual sense of the term was required. Rather, the defendant's services consisted simply of treatment. Moreover, the plaintiff has based her action not solely on negligent treatment, but also on defendant's alleged failure to disclose fully the treatment she received. Therefore, the relevance of *Renner* is not its language on misdiagnosis but its concurrent destruction of the *Trimming* rule, that negligent treatment followed by fraudulent concealment does not come within the discovery rule unless fraud as opposed to malpractice is the gravamen of the action. Fraudulent concealment after *Renner* does toll the statute of limitations in a malpractice action until the plaintiff discovers or should have discovered the injury resulting from negligent treatment. In this connection we note incidentally that although the legislature has narrowed the scope of *Renner* through recent enactment of I.C. § 5–219(4),[9] after the cause of action accrued in this case,

---

7. 52 Idaho, at 416, 16 P.2d at 662.

8. *See* the concise discussion in Developments in the Law: Statutes of Limitations, 63 Harv.L.Rev. 1177, 1220–1222 (1950).

9. "[Within two years the plaintiff must commence] * * * 4. An action to recover damages for professional malpractice, or for an injury to the person, * * * provided, however, when the action is for damages arising out of the placement and inadvertent, accidental or unintentional leaving of any foreign object in the body of any person by reason of the professional malpractice of any hospital, physician or other person or institution practicing any of the healing arts or when the fact of damage has, for the purpose of escaping responsibility therefor, been fraudulently and knowingly concealed from the injured party by an alleged wrongdoer standing at the time of the wrongful act, neglect or breach in a professional or commercial relationship with the injured party, the same shall be deemed to accrue when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained of; but in all other actions, whether arising from professional malpractice or otherwise, the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, * * * and, provided further, that an action within the foregoing foreign object or fraudulent concealment exceptions must be commenced within one (1) year following the date of accrual as aforesaid or two (2) years following the occurrence, act or omission complained of, whichever is later."

discovery in fraudulent concealment cases as well as foreign object cases has been retained.

## II.

Although the district court based summary judgment on its interpretation of discovery law, our discussion of that issue does not exhaust this appeal. Where final judgment of the district court is entered upon an erroneous or different theory, it will be upheld on the correct theory.[11] In this case summary judgment based on the statute of limitations must be affirmed if the record before the district court failed to disclose a genuine issue of fraudulent concealment tolling the statute until discovery.[12]

This Court consistently has held that a genuine issue is not created by a mere scintilla of evidence; there must be evidence on which a jury could rely. Summary judgment is proper if the evidence before the court on the motion would warrant a directed verdict if the case were to go to trial.[13] When the moving party presents materials which would entitle him to a directed verdict if presented at trial, the responding party may not hold back his evidence; he must present sufficient materials to establish a triable issue.[14] Those materials must set forth the facts with particularity;[15] for if general averments were sufficient the summary

judgment procedure would lose its utility.[16] The requirement of specificity is underscored in cases where the moving defendant has established, prima facie, a defense grounded on the statute of limitations.[17]

That requirement has not been satisfied in the present case. Plaintiff's sole affidavit, her own, contains no reference to the time when the bullet was discovered, beyond the general statement that it was within two years of filing the action. The time when plaintiff began to feel pain in the area of the wound is not specified. The physician who found the bullet is not identified. The allegation in the complaint, that defendant misled plaintiff about the bullet, is merely repeated with no discussion of particulars. In sum, plaintiff has clearly failed to place in the record evidence on which a jury could rely. No triable issue has been established. The record before the district court would have entitled defendant to a directed verdict at trial, and it supports the court's order granting defendant's motion for summary judgment.

While the summary judgment proceedings touched upon the general issue of discovery, that issue may not have been exhausted. The district court framed the issue as a narrow question of law: whether or not the *Billings* "foreign object" rule applied. Our discussion has broadened the question of law to encompass fraudulent concealment. Summary judgment is up-

---

11. E. g., Industrial Indem. Co. v. Columbia Basin Steel & Iron Co., 93 Idaho 719, 471 P.2d 574 (1970).

12. I.R.C.P. 56(b), 56(c). Annotation, Raising Statute of Limitations by Motion for Summary Judgment, 61 A.L.R.2d 341, 342–344.

13. E. g., Jephson v. Ambuel, 93 Idaho 790, 473 P.2d 932 (1970); Petricevich v. Salmon River Canal Co., 92 Idaho 865, 452 P.2d 362 (1969).

14. 6 Moore's Federal Practice, § 56.11 [3], at 2171–2174 (1970 Ed.); 3 Barron & Holtzoff, Federal Practice and Procedure, § 1237, at 170 (Wright Rev.Ed. 1958).

(Federal summary judgment procedure corresponds to that of Idaho.)

15. I.R.C.P. 56(e).

16. Tri-State Nat'l Bank v. Western Gateway Storage Co., 92 Idaho 543, 447 P.2d 409 (1968). *See also* Yankwich, Summary Judgment Under Federal Practice, 40 Calif.L.Rev. 204, 220–221 (1952).

17. *See* discussion in Bauman, California Summary Judgment: A Search for a Standard, 10 U.C.L.A.L.Rev. 347, 357–359 (1963). (The California summary judgment procedure corresponds to Idaho's.)

held because plaintiff failed to establish a triable issue of material fact respecting fraudulent concealment.

Judgment affirmed. Costs to respondent.

McFADDEN, DONALDSON, and SHEPARD, JJ., concur.

SPEAR, J., sat, but retired prior to release of this opinion.