556 P.2d 854

Thomas H. MIFFLIN, Plaintiff-Respondent,
Cross-Appellant,

v.

Anne L. MIFFLIN, Defendant-Appellant,
Cross-Respondent.

No. 12019.

Supreme Court of Idaho.

Nov. 23, 1976.

Sherman F. Furey, Jr., Salmon, for defendant-appellant.

James C. Herndon, Salmon, for plaintiff-respondent.

BAKES, Justice.

This is an appeal from a decree of divorce and property distribution entered by the district court of Lemhi County on July 22, 1975. The parties, Anne Mifflin and Thomas Mifflin, were married on September 22, 1972, and separated twenty months later in June, 1974. Thomas Mifflin filed for divorce, alleging irreconcilable differences, on July 15, 1974. Anne counterclaimed for divorce on the same ground. Both Anne and Thomas were in their late 40's at the time. A divorce was granted to both parties.

Prior to the marriage, Anne Mifflin had been employed selling real estate in Lewiston and she had also maintained a state-approved home for mentally disturbed children for which she received compensation from the state. After the marriage, she moved to Thomas Mifflin's home in Salmon where she was employed by Tom's

Trailer Sales, Inc., Thomas Mifflin's separate property business, performing clerical and bookkeeping tasks for which she was initially paid $70 a week and at the time of separation was paid $120 a week.

Thomas Mifflin owned a variety of business and property investments at the time of his marriage. His principal source of income was Tom's Trailer Sales, Inc., a closely held corporation in which he owned 249 of the outstanding 250 shares.

The issues on appeal involve the trial court's classification and award of property. We affirm in part and reverse in part and remand to the trial court for further proceedings.

▮ Appellant Anne Mifflin contends that the trial court should have pierced the corporate veil to determine a community share in Tom's Trailer Sales, Inc., and in assets acquired by that business during the marriage. The court found that the corporate business was kept separate from Thomas Mifflin's personal affairs and that "both parties received compensation commensurate with responsibility from the corporation." (Clk.Tr., p. 24). The trial court also determined that the increase in book value per share of Tom's Trailer Sales, Inc., corporate stock between April, 1972, and April, 1973, from $281.37 to $411.19 was due to a successful trailer rental transaction and was not due to a community labor source (the book value at time of divorce was $319.77). These findings are supported by the testimony of Thomas Mifflin, the corporate accountant and a banker, and the corporate financial statements and tax returns from 1972 to 1974 which were admitted into evidence, and will not be disturbed on appeal.

In *Speer v. Quinlan,* 96 Idaho 119, 525 P.2d 314 (1974), and *Simplot v. Simplot,* 96 Idaho 239, 526 P.2d 844 (1974), we were presented with situations in which the wife sought a community share in the husband's separate property interest in a corporation. In those cases it was undisputed that over the period of the marriages (21 years and 18 years, respectively), the hus-

band's separate property interest represented by shares in the corporation had substantially increased. The questions then were (1) whether the increases in value of the stock were attributable to a community labor source and whether the husband had been adequately compensated for his effort; and (2) whether the fact that the corporation had not distributed its profits to the stockholders prevented the wife from sharing in them.

In this case, the trial court found that the parties had been adequately compensated by the corporation for their labor and this finding is not challenged on appeal. Further, while there was an overall increase in the book value of the corporate stock during the period of the marriage, the small business corporation income tax returns for the period ending April 30, 1974, show a loss of $23,545.08, and the unaudited financial statement dated October 31, 1974, shows a net income of $4,209.83. The corporate accountant gave his opinion at trial that the corporation experienced a slight commercial gain between September, 1972, and October, 1974. However, we have held that the natural enhancement of a separate property asset due to market trends, inflation, etc., and which is not attributable to community effort or to rents and profits of the asset, is separate property. *Gapsch v. Gapsch,* 76 Idaho 44, 277 P.2d 278 (1954). The record in this case supports the conclusion of the trial court that there was no community interest in Tom's Trailer Sales, Inc. *Tolman v. Tolman,* 92 Idaho 108, 437 P.2d 624 (1968).

▮ Anne Mifflin also challenges the manner in which the trial court calculated and distributed the community equity in Thomas Mifflin's separate property residence (called the Williams Lake property). At the time of marriage, this home was unfinished and the parties worked together in completing and improving it. From the evidence introduced at trial, it is apparent that the home had increased in value during the marriage somewhere between

$7,000.00 and $20,000.00, and a substantial part of this increase was the result of community labor and resources. However, the trial court did not make a specific finding of the amount of increase in value due to community labor and resources. Instead, it ruled that

". . . valuable improvements were made to plaintiff's Williams Lake residence from community earnings and labor and the extent thereof is a reasonable approximation of twice the amount of temporary support and attorney's fees found to be awardable to defendant from the plaintiff and community debts plaintiff has paid and is required to pay." (Clk.Tr., p. 25).

The court was apparently setting off this community interest in the Williams Lake residence against Thomas' previously decreed temporary support, attorney fee obligations and community debts. This was error.

I.C. § 32–708 provides that when a court has made allowances for the wife for temporary support and attorney fees under I.C. § 32–704, it must resort first to the community property and then to the separate property of the husband.[1] We have ruled that the proper manner of carrying out the mandate of this section is to satisfy the community debts, then the wife's temporary support and attorney fees, from the total property owned by the community *before equitable division of the property*. *Tolman v. Tolman, supra*. By employing the method it did, the trial court has in effect awarded the wife's attorney fees, temporary support and community debts out of the wife's one-half interest in the increase in value of the Williams Lake property which was due to community improvements. The court should have first deducted these expenses from the community equity and then equitably divided the balance.

The court may have erred in computing this property division in another respect. In an order dated August 21, 1974, the court ordered Thomas Mifflin to pay temporary support of $225.00 a month to Anne during the pendency of the action. The record indicates that Thomas Mifflin made these support payments from August, 1974, to January, 1975. If these support payments were made out of his salary, as we presume they were since the corporation did not distribute any profits, then the community has already satisfied the temporary support obligation because his earnings during separation and prior to the divorce are community property, *Suter v. Suter*, 97 Idaho 461, 546 P.2d 1169 (1976), and therefore this amount should not again be charged against the community before equitable division of the community interest in the Williams Lake property. But if the court finds that the support payments were made from Thomas Mifflin's separate property, he should be reimbursed for those amounts before equitable division. I.C. § 32–708.

Therefore, we must remand this case to the trial court to recalculate the rights and interests of the parties relating to the Williams Lake property. The court must first place a dollar amount on the community interest in the Williams Lake property, employing the rule for measuring community interest resulting from community improvements to the husband's separate property estate which we set forth in *Suter v. Suter, supra*, as "the increase in value of the property attributable thereto, and not the amount or value of the community contribution." 97 Idaho at 465, 546 P.2d at 1172. The court must then set off the amount of community debts to be charged against the community interest in the property, the amount of all attorney fees awardable to Anne Mifflin, both at trial and on appeal, and any support payments made by Thomas Mifflin which were not

---

[1] "32–708. *What property liable.*—In executing the four (4) preceding sections the court must resort, first, to the community property, then to the separate property of the husband."

made from a community source. If the support was paid with community funds (Thomas' earnings or otherwise), then this amount must not again be charged against the community. After deducting the community debts, attorney fees, including those awarded on the appeal, and support payments not previously paid with community funds from the community interest found to exist in the home, the court should then make an equitable distribution of any balance.

In his cross appeal, Thomas Mifflin challenges the trial court's disposition of community real property which Anne and Thomas bought in 1973. The trial court ruled that upon divorce Thomas and Anne would hold the property as tenants in common. Thomas Mifflin does not contest the relationship of tenants in common, but argues that the court should have resorted to this fund to satisfy community obligations, Anne's attorney fees and temporary support. In the event that the total community obligations and attorney fees exceed the community interest in the Williams Lake property, the trial court could also resort to the community interest in this property. However, it appears from the record that it will be unnecessary to do so.

In her remaining assignments of error, Anne Mifflin challenges the rulings of the trial court on three real property purchases and a motor vehicle. The court's ruling that these were corporate assets belonging to Tom's Trailer Sales, Inc., is supported by the evidence and will not be disturbed on appeal.

Finally, Anne Mifflin contends that the trial court abused its discretion in failing to award her permanent alimony. The temporary support payments to Anne ceased in January, 1975. A wife is not entitled to permanent alimony as a matter of right in this jurisdiction, I.C. § 32–706, but the trial court must give due consideration to the needs and abilities of the parties and the equity of the situation, and its decision will not be overturned by this Court in the absence of an abuse of discretion. *Loveland v. Loveland*, 91 Idaho 400, 422 P.2d 67 (1967). The trial court did not err in denying an award of alimony.

The judgment of the trial court is affirmed in part and reversed in part, and remanded for further proceedings consistent with this opinion. Anne Mifflin is allowed $1,500.00 attorney fees for the prosecution of this appeal. Costs to appellant.

DONALDSON and BISTLINE, JJ., concur.

SHEPARD, Justice (concurring in part and dissenting in part).

I concur in much of the dispositive portions of the majority opinion. However, I respectfully dissent from that portion which allows appellant Ann Mifflin $1,-500.00 attorney's fees "for the prosecution of this appeal."

The majority opinion directs that upon remand the lower court shall "set off the amount of community debts to be charged against the community interest in the property" and also directs to be set off against the community interest in the property "the amount of all attorney fees awardable to Ann Mifflin, both at trial *and on appeal.*" For this direction the majority opinion cites no statutory authority nor is any rationale suggested as a basis for so construing any common law authority.

Following a 20-month marriage, Ann Mifflin by way of counterclaim sought and obtained a divorce which terminated the marriage relationship. I would assume in the absence of extraordinary circumstances that any debt, including attorney's fees, contracted by either of the parties prior to the dissolution of the marriage relationship would constitute community indebtedness. Therefore presumptively attorney's fees at trial should and were directed to be paid from community property interests. Such, however, does not explain how indebtedness contracted by one of the parties following the dissolution of the marriage relationship can or should be charged against

community property interests. Implicit throughout the majority opinion, including the denial of alimony, is the ability of appellant to support herself. She obviously was self-supporting and owned property prior to the marriage and it is apparent that she came out of the 20-month relationship with more than she entered. Where, as here, the rights of or duties toward children are not in issue and the relationship of marriage has long since been terminated, I see no reason in logic or law why one party should bear the cost of attorney's fees for the other. At best if the community property interests are to bear the costs of an ex-wife's attorney's fees, then I think equally the ex-husband's attorney's fees should likewise be paid from the community property interests. Also, since in my judgment neither party prevailed upon appeal, no costs should be allowed.

McFADDEN, C. J., concurs.