656 P.2d 129

**Francis FISHER, Plaintiff-Respondent, Cross-Appellant,**

v.

**Mervin FISHER, Defendant-Appellant, Cross-Respondent.**

No. 13202.

Supreme Court of Idaho.

Dec. 30, 1982.

R.M. Whittier of Whittier & Souza, P.A., Eugene L. McCoy, Pocatello, for defendant-appellant, cross-respondent.

Dean Williams of Kerr, Williams & Clarke, Blackfoot, for plaintiff-respondent, cross-appellant.

DONALDSON, Justice.

The plaintiff, Francis Fisher, is a Chippewa-Cree Indian and the defendant, Mervin Fisher, is a member of the Shoshone-Bannock tribe. The parties were married in June, 1963, and Francis Fisher instituted this action for divorce in December 1977. At the time of the divorce the couple lived on the Fort Hall Indian Reservation. The deed to the property, on which the home was located, was entered into evidence and stated that Fisher's father had deeded the property to the United States in trust for Mervin Fisher.

The trial court initially took jurisdiction over the case and ordered Francis Fisher the right to temporarily occupy the home and restrained Mervin Fisher from going in or around the premises. After a trial on the merits, the district court ordered that all the personal property be equally divided and that the Angus cattle and farm machinery acquired by the parties be sold. The plaintiff sold the defendant her interest in the Angus cattle and received payment from the defendant. Concerning the real property, the trial court found that the trust property, along with the house, was the separate property of the husband. The court also found that $6,500 of community funds had been contributed to this separate property and therefore ordered the husband to reimburse the wife $3,252 [sic]. This appeal and cross-appeal followed. We affirm in part and reverse in part.

The main issue the appellant husband raises is whether the state court lacks juris-

diction to consider properties located within the boundaries of an Indian reservation. Even assuming that the state courts at one time possessed jurisdiction over the subject matter, the husband also raises the issue of whether it has been preempted by federal law.

Firstly, even though 25 U.S.C. § 1322 grants states jurisdiction over divorce proceedings, the husband argues that the court was without jurisdiction to (1) find the property located within the reservation boundaries to be his separate property and (2) to award the wife the right to be reimbursed for community funds expended on this property. The husband argues that by doing this the trial court was in effect adjudicating an ownership interest in the trust property and this is forbidden under 25 U.S.C. § 1322(b) and I.C. § 67–5103.[1] This Court recently decided the issue of jurisdiction over Indian property in *Sheppard v. Sheppard,* 103 Idaho 1, 655 P.2d 895 (1982). Unlike in *Sheppard* the Fishers are both Indians but we find that under these circumstances this factual difference is not significant and continue to adhere to our holding that the statutes do not prevent state courts from assuming jurisdiction in order to reimburse the community for funds expended on the separate interest trust property. In *Sheppard* it was stated,

> "[f]rom the foregoing we conclude that the exceptions to state jurisdiction in 25 U.S.C. § 1322(b) and I.C. § 67–5103 do not prevent the courts of this state from requiring that one party to a marriage recompense the other party for his or her share of the community contributions that have gone into property that is held in trust or subject to a restraint on alienation by the federal government." *Id.* at 20, 655 P.2d at 914.

The husband also argues that the trial court lacked jurisdiction to order the cattle and farm machinery sold because they were acquired by financing through the tribal resources. As stated in *Sheppard,* "[h]owever, by their express terms, the federal statute and its state counterpart only exclude trust property and property subject to restraints on alienation imposed by the federal government." *Sheppard* at 15, 655 P.2d at 909. There is nothing in the evidence to indicate that the personal property in question is either trust property or property subject to restraints on alienation. Therefore, these statutes do not prevent the trial court from ordering this property sold even though financed with tribal resources.

Secondly, this Court in *Sheppard* adequately considered the issue of whether federal law now preempts state courts from dealing with the trust property. We hold that following *Sheppard,* federal law does not preempt the state courts from determining the status of property and allowing one party to receive reimbursement for community property that has been used to enhance the value of the separate property.

An issue not discussed in *Sheppard,* but raised by the husband, is whether the trial court had jurisdiction to allow possession of the home, which is on the trust property, to the wife. The trial court stated that he was without authority to award temporary possession to the wife but offered it as an alternative to an order requiring the defendant to pay additional child support moneys. The trial court stated that if the husband objected the wife would not be allowed to remain in temporary possession of the home. The husband did not object until this appeal. Even though the husband may be technically correct in his

---

1. 25 U.S.C. § 1322(b) provides:

"Nothing in this section shall authorize the alienation, encumbrance, or taxation of any real or personal property, including water rights, belonging to any Indian or any Indian tribe, band, or community that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States; or shall authorize regulation of the use of such property in a manner inconsistent with any Federal treaty, agreement, or statute, or with any regulation made pursuant thereto; or shall confer jurisdiction upon the State to adjudicate, in probate proceedings or otherwise, the ownership or right to possession of such property or any interest therein." 25 U.S.C. § 1322(b) was adopted in I.C. § 67–5103.

argument, we decline to consider this issue because the wife is no longer in possession and the only relief requested is for this Court to remand to the district court to remove any award of possession.

■ On cross-appeal the respondent wife raises five issues. Firstly, she claims that the district court erred by not finding the dwelling house to be community property and allowing a one-half of the market value of the home as her portion of the community interest. The trial court found that the restricted property and the home were the separate property of the husband and ordered him to reimburse the wife for one-half of the $6,500. This Court has previously held that title to improvements follows the land. *Heslip v. Heslip*, 74 Idaho 368, 372, 262 P.2d 999, 1003 (1953). Therefore, because the trust property is the husband's separate property we hold the court was correct in allowing the wife a right of reimbursement rather than a one-half interest in the home. *Suter v. Suter*, 97 Idaho 461, 546 P.2d 1169 (1976).[2]

■ Secondly, the wife claims that the district court erred by contingently awarding her $1,000 that was being held in the Simplot Credit Union as security for payment of the parties' 1977 Buick Skylark automobile. The wife argues that she may never receive this money because the husband may never pay the debt. However, an examination of the record reveals that the trial court in the decree of divorce awarded the wife the Buick automobile and ordered her to pay the encumbrance. Therefore, she will not have to rely on the husband to pay the debt and will be entitled to the $1,000 that was used as security as soon as she pays the obligation on that automobile.

■ Thirdly, the wife claims that it was error for the district court to allow delinquent temporary child support to be used as an offset against the community property before distribution. There is no merit to this argument. "I.C. § 32–708 provides that when a court has made allowances for the wife for temporary support and attorney fees under I.C. § 32–704, it must resort first to the community property and then to the separate property of the husband." *Mifflin v. Mifflin*, 97 Idaho 895, 897, 556 P.2d 854, 856 (1976), *cited with approval in Ross v. Ross*, 103 Idaho, 406, 648 P.2d 1119 (1982). The trial court correctly deducted those expenses from the community property before dividing the balance.

■ Fourthly, the wife argues that the trial court erred in not awarding Francis Fisher her one-half interest in the earnings of Mervin Fisher during the period of time they were separated. She claims the husband earned $16,500, she earned $8,360 and after deducting her income as a setoff she is entitled to one-half of $8,140. This Court has determined that income received while the parties are separated is community property. *Suter v. Suter*, 97 Idaho 461, 546 P.2d 1169 (1976). However, an equitable division of community property is generally not made before community expenses are deducted from the total community property owned by a community. The trial court found that the husband used his salary to pay community debts and the wife did not rebut that finding. Therefore, we find no error.

■ Lastly, the respondent argues that the trial court erred in finding that the husband had no interest in some Hereford cattle that she claims the husband owns with his brother. The trial court found that there once existed an agreement with the husband's brother, who owns the Herefords, that for his help the husband would receive a portion of the herd's offspring. However, the trial court determined that this did not result in any ownership of the husband in the herd. We disagree. The record contains the following statements made by Mr. Fisher.

---

2. The parties did not argue on appeal nor at trial the propriety of the trial court's decision to award the wife only for her portion of the community contributions used to purchase and improve the trust property. Therefore, we will not consider this issue. *Ross v. Ross*, 103 Idaho 406, 648 P.2d 1119 (1982); *Oregon Shortline R.R. Co. v. City of Chubbuck*, 93 Idaho 815, 474 P.2d 244 (1970).

"Q. Do you now raise any livestock?

"A. Yes, about 10 head of registered Angus and the rest belong to me and my brother, which I can't do nuthin about it either because they don't carry my brand and it was given to my dad, uh, to my brother from my mom. I can't touch it if I—cause they don't have my brand on it.

. . . .

"Q. Mr. Fisher, where were those cattle obtained from?

"A. The herefords, me and my brother owns is given to me from my mother. They was given to my brother then he gave me some.

. . . .

"Q. Do you intend to retain those [the Herefords] as breeding stock?

"A. Well, if I get a divorce I am not going to bother, I'm going to give them back to him.

. . . .

"Q. Isn't it true, Mervin, that your brother didn't just give you those, the interest in the cattle, you earned your interest by working for them and feeding them and taking care of them, providing for them?

"A. Yes, but there is no legal way you can take them cause they don't have my brand on it. It's just in words.

. . . .

"Q. How many—in addition to the ten head, [the ten Angus cattle owned by the community] how many other cattle do you have an interest in?

"A. Oh, about another fifteen. That was given to me, though.

. . . .

"Q. Now the fifteen head that you own with your brother, are they hereford cattle?

"A. Yes."

The record thus indicates that there is sufficient evidence by the husband's own testimony to establish an ownership interest in the Hereford cattle. Even though the cattle may be branded with another person's brand I.C. § 25–1204 only states that a recorded brand is prima facie evidence of ownership of livestock. It does not preclude a party from rebutting this evidence of ownership and asserting an interest in the cattle. Therefore, we remand to the trial court to reconsider the evidence and to determine the status of the Hereford cattle. If the trial court finds the cattle are community property, the court should then determine the value of the property and make an equitable division.

Affirmed in part and reversed in part.

Costs to respondent.

No attorney fees allowed.

BAKES, C.J., and McFADDEN and SHEPARD, JJ., concur.

(McFADDEN, J., registered his vote prior to his retirement, August 31, 1982.)

BISTLINE, Justice, dissenting.

In this case the majority holds that "federal law does not preempt the state courts from determining the status of [trust] property and allowing one party to receive reimbursements for community property that has been used to enhance the value of the separate [trust] property." The Court relies upon the recent case of *Sheppard v. Sheppard,* 104 Idaho 1, 655 P.2d 895 (1982). Consistent with my views expressed in *Sheppard,* again I submit that 25 U.S.C. § 1322(b) and I.C. § 67–5103 deprive state courts of jurisdiction to adjudicate, directly or indirectly, any interest in trust property. Continuing to adhere to the belief that race is irrelevant to the issue of state court jurisdiction, I find it troubling that the Court follows *Sheppard* in apparent disregard of the fact that *Sheppard* considered it "[o]f most significance" that "only one of the parties is an Indian." Here, however, while noting that the Fishers are both Indians, and without further explanation, the Court sees that "this factual difference is not significant."

I add only that the problems which here exist with regard to the division of the community funds acquired after separation reaffirm my belief that the Court in *Suter v. Suter,* 97 Idaho 461, 546 P.2d 1169 (1976), alternatively would have better held that

after separation the earnings and accumulations of both spouses are the separate property of each. *See Ross v. Ross,* 103 Idaho 406, 417, 648 P.2d 1119, 1130 (1982) (Bistline, J., concurring and dissenting). At this point in time, obviously the legislature alone will be the agency by which that appropriate change in the law is made.

Without belabouring the point, I am not persuaded the statutory law can or should be read so as to allow Mrs. Fisher to bear ultimately one-half of the child support which Mr. Fisher was ordered to pay *pendente lite.*