765 P.2d 697

**Carolyn CUMMINGS, Plaintiff–Appellant,**

v.

**Gary CUMMINGS, Defendant–Respondent.**

No. 16956.

Court of Appeals of Idaho.

Dec. 7, 1988.

John B. Kugler, Pocatello, for plaintiff-appellant.

Jerry R. Meyers of McDevitt & Meyers, Pocatello, for defendant-respondent.

SWANSTROM, Judge.

In this divorce action we are asked to review a district court's appellate decision remanding the case to the magistrate division. We are also asked to add our own directions on remand, in order to correct errors of law occurring in both courts below. Carolyn Cummings, the appellant here as well as in the district court, raises several issues which can be summarized as follows: whether the parties' assets were correctly classified as community or separate property; whether the community property was equitably divided; and whether the parties' attorney fees are community debts. We affirm in part and vacate in part the district court's appellate decision. We agree with the district court that the case must be remanded for further findings, and we provide directions for the remand.

When we review the appellate decision of a district court, we independently examine the trial record and the magistrate's findings and conclusions. We determine whether there is substantial evidence to support the findings of fact, and whether the magistrate correctly applied the law to the facts as found. *Ustick v. Ustick*, 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983).

Carolyn and Gary Cummings were married on March 24, 1983. Two years later Carolyn filed a complaint seeking a divorce from Gary. At a trial held in February 1986 the magistrate requested the parties to supply documents relating to their property so he could have clearer information before entering findings and conclusions. Although he was not provided with all requested information, the magistrate eventually made his findings and conclusions in May 1986. A decree of divorce was filed on May 30, 1986.

Unhappy with the magistrate's classification and division of property, Carolyn appealed to the district court. The district court affirmed in part the magistrate's judgment and remanded the case for the presentation of further evidence, enabling the magistrate to make more detailed and complete findings. Carolyn now argues that the district court made errors of law in its directions on remand and in this appeal she requests further guidance for the magistrate. The facts regarding the parties' property are summarized in parts of this opinion according to their related issues. Because this case ultimately must be remanded for more factual development and findings, we limit our discussion to those issues reached by the lower courts which we believe contain errors of law.

## I. PROPERTY CLASSIFICATION

The classification of property in a divorce proceeding involves questions of law and fact. The facts in this case are not sufficiently clear to permit us on appeal to make specific findings on property classification and distribution. Because the case is to be remanded, we leave those factual determinations for the magistrate. Carolyn assigns four errors to the magistrate's and the district court's decisions on property classification and distribution.

## A

Carolyn notes that the magistrate awarded all of a prospective 1985 income tax refund to Gary as though it were his separate property instead of dividing the refund as community property. Carolyn complains that the district court did not address this issue in its appellate decision. The trial record does not clearly reveal whether the expected 1985 tax refund was classified as community property or, if so, why it was awarded entirely to Gary. Although Carolyn filed her complaint in April 1985, the community existed until the divorce decree was filed in May 1986. To the extent that taxes were paid out of community income, a refund of that money would retain its community character. This matter must be clarified by the magistrate on remand.

## B

The district court directed the magistrate to consider whether some personal property was owned by the parties as tenants in common because the property had been jointly purchased prior to marriage when the parties were cohabiting. Carolyn insists that this direction was erroneous. We are not convinced that error has been shown. We believe that the district judge was merely directing the magistrate to make findings as to whether any item of property acquired while the parties were cohabiting, but not yet married, was the separate property of either Carolyn or Gary. The district judge also noted that the magistrate could find—as to some item of personal property—that both parties contributed their separate funds to jointly acquire the item. In such a case, the magistrate should determine whether the parties intended that each would have a separate property interest in jointly owned property. If the district court's decision is construed in this manner we hold that the instruction to the magistrate was not erroneous.

## C

Many years prior to her marriage to Gary, Carolyn worked as a civil service employee in Alaska. In the 1970s she was injured twice while at work. She was given a medical retirement and began to receive monthly disability benefits. She continued to receive the benefits during her marriage to Gary. While they were married, Carolyn purchased various household furnishings and a camp trailer, with money from her disability benefits. After trial, the magistrate treated these items as community property, dividing the furnishings between the parties and awarding the camp trailer to Gary. Carolyn testified that she withdrew money, derived from the disability payments, from her separate bank account and used the money to purchase the camp trailer. The magistrate made no findings concerning when or how the camp trailer was purchased or whether it was separate or community property. Likewise, the magistrate allotted other personal property purportedly purchased with Carolyn's money to one or the other spouse without classifying the property as separate or community. The district court affirmed this determination, reasoning that under *Cook v. Cook*, 102 Idaho 651, 637 P.2d 799 (1981), Carolyn's benefits could be classified as community property. Carolyn challenges this decision.

We believe the district court erred in upholding the magistrate on the theory that the disability payments received by Carolyn during the marriage were community property. Gary did advance this theory to the trial court and to the district court following Carolyn's first appeal. However, he has made no such argument to this Court. Gary concedes in his appellate brief that the disability payments received by Carolyn were her separate property. Gary contends only that some of these funds were commingled with community funds so that their separate identity was lost.

Moreover, the district court's reliance on *Cook* appears to be misplaced. *Cook* addressed a situation where worker's compensation benefits vested during marriage and the source of the benefits was derived from community labor. Under those circumstances, *Cook* held that to the extent the award compensates for loss of earning

capacity during marriage the award is community property. Here, tl·˄re was no attempt to show what part of the award represented lost earning capacity. More important, any loss of earning capacity prior to a marriage could not give rise to any claim by the community because the community did not then exist. The community could make a claim only for a loss of capacity that had existed when the marriage began.

Here, Carolyn's disability benefits vested long before marriage. Her separate labor was the source of the benefits. Such rights or benefits which vest prior to marriage are the separate property of the recipient spouse. I.C. § 32–903; *see generally* W. de FUNIAK & M. VAUGHN, PRINCIPLES OF COMMUNITY PROPERTY § 68 at 148–49 (2nd ed. 1971). Therefore, Carolyn's disability benefits received during the marriage remained her separate property. However, the furnishings and the camp trailer purchased by Carolyn during marriage are subject to the presumption that all assets acquired during marriage are community property. *Stanger v. Stanger,* 98 Idaho 725, 571 P.2d 1126 (1977). The party asserting that such property is separate has a burden of overcoming this presumption by proving the separate character of the property through tracing the source of the funds used to make the acquisition. If it is proven that separate property was used to acquire an asset, that asset will be deemed the separate property of the acquiring spouse, absent evidence of an intended gift to the community. *See Winn v. Winn,* 105 Idaho 811, 673 P.2d 411 (1983); I.C. § 32–903.

In this case, the classification of the questioned furnishings and the camp trailer must be reanalyzed by the trial court. If the property was purchased with Carolyn's separate funds, and if no gift to the community was intended, the furnishings and the camp trailer should be characterized as Carolyn's separate property. The issue is remanded for further consideration.

## D

The last classification issue concerns a mobile home and lot purchased by the parties during marriage. A down payment on the mobile home and lot was made with Carolyn's separate property. The community then made monthly installment payments. In her complaint, Carolyn alleged that the mobile home and lot were her separate property, but that the remaining loan obligation was a community debt. The magistrate awarded the mobile home and lot to Carolyn subject to the outstanding loan obligation and further subject to a right of reimbursement to the community for money expended on the property. The district court held that the magistrate failed to consider several factors for determining whether an installment purchase of an asset during marriage makes the asset community property and the loan obligation a community debt. Carolyn argues that the district court erred in addressing this issue because it was untimely raised by Gary. We disagree.

Where an appellate court reverses or vacates a judgment upon an issue properly raised, and remands for further proceedings, it may give guidance for other issues on remand. Here, the district court set aside the property division due to inadequate findings as to the character and value of the parties' property. Accordingly, it was appropriate for the court also to direct a reexamination of the mobile home/lot issue and to provide guidance on that issue. The district court correctly explained that the magistrate must consider the factors set forth in *Winn v. Winn, supra,* in classifying the mobile home and lot as community or separate property. We uphold the district court's decision in remanding this issue with directions.

## II. PROPERTY DISTRIBUTION

Carolyn maintains that the magistrate did not make a substantially equal division of the community property as required by I.C. § 32–712. She further complains that the district court did not address this issue. Carolyn avers that she received about $3,000 in community proper-

ty while Gary received community property worth about $10,000. Perhaps part of the problem rests with the magistrate's failure to clearly distinguish separate and community property and his failure to find a value for the material assets of the community. We provide the following directions on remand.

Initially, the material assets of the parties must be identified. Then it must be determined what assets are separate property and what assets are community property. The separate property assets should be specifically noted and allocated to the proper spouse. The community property assets must be valued and distributed substantially equally unless the court finds compelling reasons otherwise. I.C. § 32–712. *See Donndelinger v. Donndelinger*, 107 Idaho 431, 690 P.2d 366 (Ct.App. 1984). We join with the district court in remanding this issue.

### III. FEES

The magistrate did not classify the parties' pre-divorce decree attorney fees as community debts. The district court held that the award of attorney fees was discretionary with the magistrate. We disagree. Attorney fees incurred by either spouse *prior to the decree of divorce* are presumed to be community debts. *See, e.g., Murphey v. Murphey*, 103 Idaho 720, 653 P.2d 441 (1982); *Mifflin v. Mifflin*, 97 Idaho 895, 556 P.2d 854 (1976). The overall allocation of such attorney fees is left to the discretion and general equitable power of the trial court.

A final issue raised by Carolyn is whether the lower courts erred in not imposing sanctions on Gary for allegedly failing to comply with discovery orders. The imposition of sanctions, if warranted, is best left to the trial court's discretion as guided by I.R.C.P. 37(d). Here, the magistrate stated that he would "consider" imposing sanctions but he later made no findings. Neither did he rule on the request for sanctions. On remand, the trial court should make a discrete ruling on the request.

The district court's appellate decision is affirmed in part and vacated in part. We join with the district court in remanding the case to the magistrate with directions. No attorney fees on appeal. Each party shall bear his or her own costs on appeal.

WALTERS, C.J., and BURNETT, J., concur.