**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52027**

| | |
|---|---|
| DON MACDONALD, | ) |
| | ) **Filed: April 29, 2025** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DANIEL HANNON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barry McHugh, District Judge. Hon. Ross D. Pittman, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment and awarding costs and attorney fees, <u>affirmed</u>.

Don Macdonald, Hayden, pro se appellant.

Lake City Law Group, PLLC; Terrun Zolman, St. Maries, for respondent.

_____

MELANSON, Judge Pro Tem

Don Macdonald appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming a judgment in favor of Daniel Hannon and awarding Hannon costs and attorney fees. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Macdonald and Hannon owned adjacent real property separated by a chain link fence. Macdonald hired a contractor to cut and remove bushes from his property to allow replacement of the fence with a wood fence. Some of the cut branches were left on Hannon's property. Hannon threw the cut branches from his property onto Macdonald's property. The contractor then returned to Macdonald's property at his request and removed the cut bushes, charging Macdonald $450.

1

Macdonald filed a small claims action against Hannon to recover the $450 but did not prevail. Macdonald appealed from the small claims case. On appeal, the magistrate court conducted a trial de novo and entered a judgment in favor of Hannon.

Macdonald then appealed to the district court, whereupon Hannon retained counsel, and Macdonald continued to represent himself. The district court affirmed the judgment, ruling that Macdonald had failed to designate issues on appeal, identify a standard of review, or offer cogent argument. The district court concluded that the magistrate court's findings were supported by the record and that the magistrate court did not abuse its discretion in finding in favor of Hannon. Following the district court's decision on appeal, Hannon filed a memorandum of costs and attorney fees. Macdonald then retained counsel. After conducting a hearing, the district court granted costs and attorney fees to Hannon in the amount of $8,532. Macdonald then filed, pro se, this appeal from the decision of the district court awarding costs and attorney fees.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. The awarding of costs and attorney fees is within the discretion of the district court and is subject to an abuse of discretion standard of review. *Severinsen v. Tueller*, ___ Idaho___, ___, 559 P.3d 771, 781 (2024).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently

with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

### A.    Magistrate Court and District Court Appeals

Macdonald argues that the magistrate court's findings of fact were erroneous and that he is entitled to judgment in his favor. Macdonald also argues the district court erred in affirming the magistrate court and in awarding costs and attorney fees to Hannon on that appeal. Hannon asserts that the judgment was proper and that the district court did not err on intermediate appeal.

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

Idaho Appellate Rule 35(a) states that an appealing party's brief "shall contain the following divisions under appropriate headings" then lists several divisions. Idaho Appellate Rule 35(a)(4) requires the appellant to include a section titled, "Issues Presented on Appeal," which shall contain a "list of the issues presented on appeal, expressed in the terms and circumstances of the case but without unnecessary detail." The failure of the appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of that issue on appeal. *Beebe v. N. Idaho Day Surgery, LLC*, 171 Idaho 779, 789, 526 P.3d 650, 660 (2023); *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991).

Further, an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Failure to identify and apply the correct standard of review may result in the waiver of claims on appeal. *Id.*

Macdonald does not include an "Issues on Appeal" section in his brief nor does he articulate an applicable standard of review. Instead, it appears that he simply invites this Court to reweigh the evidence presented to the trial court. Our review of the trial court's decision is limited

to ascertaining whether substantial, competent evidence supports the findings of fact, and whether the trial court correctly applied the law to the facts as found. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699 (Ct. App. 1988). Thus, we defer to findings of fact that are not clearly erroneous, but we freely review the trial court's conclusions of law reached by applying the facts found to the applicable law. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). Where there is conflicting evidence, it is the trial court's task to evaluate the credibility of witnesses and to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991). We will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *Kennedy v. Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014); *Hutchison v. Anderson*, 130 Idaho 936, 940, 950 P.2d 1275, 1279 (Ct. App. 1997). To the extent that Macdonald argues that the magistrate court's findings of fact were erroneous, it appears that those findings were supported by substantial, even if conflicting, evidence. Macdonald has failed to show error by the magistrate court in granting judgment in favor of Hannon or by the district court in affirming the magistrate court.

Macdonald's brief also addresses the district court's award of costs and attorney fees to Hannon in the amount of $8,532 on intermediate appeal. Macdonald fails to set forth a standard of review, and most of his argument appears to be based upon his belief that he should have prevailed on the merits and that Hannon's testimony was not truthful. To the extent that Macdonald claims that the amount of costs and attorney fees was not reasonable, he has failed to argue or show that the district court abused its discretion. To the extent that he claims that attorney fees should have been limited to $25 by Idaho Rule of Small Claims Actions (I.R.S.C.A.) 15(f), his argument is misplaced. Rule 15 provides for a trial de novo on appeals from small claims court. Macdonald's initial appeal to the magistrate division of the district court was conducted as a trial de novo, and Hannon's recovery of attorney fees was limited to $25 by I.R.S.C.A. 15(f) in that appeal. When Macdonald further appealed to the district court following the trial de novo, the

4

I.R.S.C.A. 15(f) attorney fees limit did not apply. Macdonald has failed to show an abuse of discretion by the district court in awarding costs and attorney fees in the amount of $8,532.

**B.      Costs and Attorney Fees on Appeal**

Hannon has requested an award of attorney fees pursuant to I.C. § 12-121 and I.A.R. 41. Such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Macdonald's brief failed to comply with I.A.R. 35, and his argument on the merits invited this Court to reweigh the evidence presented to the trial court. On the issue of attorney fees, Macdonald's brief cited to two cases: "Smith v. Jones**, 123 Idaho 456, 849 P.2d 1234 (1993)" and "Doe v. Roe**, 145 Idaho 789, 186 P.3d 1234 (2008)." These cases cited by Macdonald, at best, are incorrectly cited and appear to be fictional. This Court concludes that this appeal was brought frivolously, unreasonably and without foundation. Therefore, as the prevailing party on appeal, Hannon and is entitled to attorney fees and costs on appeal pursuant to I.A.R. 40.

### IV.

### CONCLUSION

Macdonald has failed to show error in the judgment issued by the magistrate court. Macdonald has not shown that the district court erred in affirming the magistrate court or in awarding costs and attorney fees in the amount of $8,532. Therefore, the district court's decision, affirming the appeal from the magistrate court, and awarding costs and attorney fees is affirmed. As the prevailing party, costs and attorney fees on appeal are awarded to Hannon.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.