833 P.2d 911

**Eleanor Faye HUERTA, Plaintiff–Respondent,**

v.

**Robert HUERTA, Defendant–Appellant.**

**No. 19088.**

Supreme Court of Idaho,
Boise, May 1992 Term.

June 8, 1992.

Webb, Pedersen & Webb, Twin Falls, for defendant-appellant. Lloyd J. Webb argued.

Dial, Looze & May, Pocatello, for plaintiff-respondent. Brent E. Asay argued.

REINHARDT, Justice Pro Tem.

This appeal arises from a divorce action in which the parties disputed the proper characterization, valuation and division of property. In addition to asserting error with regard to the characterization and division of property, the appellant contends the trial court erred by failing to make sufficient findings relating to valuation of property.

In divorce actions, it is well established that a trial court is required to make findings of fact. *See* I.R.C.P. 52(a); *Clark v. Clark,* 89 Idaho 91, 403 P.2d 570 (1965). As we have previously noted:

> an appellate court may only disregard a lack of findings where the record is clear and yields an obvious answer to the relevant factual question. Absent such circumstances, the failure of the trial court to make findings of fact ... will necessitate a reversal of the judgment and a remand for additional findings an conclusions unless such findings and conclusions would not affect the judgment entered ...

*Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). In the instant case, the magistrate court failed to make sufficient factual findings with regard to the valuation of the property at issue, and the record does not provide a clear and obvious explanation. Because the record does not provide a basis for review of the magistrate's decision, the judgment and decree are vacated and the cause remanded for further proceedings consistent with this opinion.[1]

Costs to appellant.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ., concur.

**1.** At oral argument on appeal the parties requested that the record in this matter be augmented. In light of our opinion, the motion to augment the record is denied.