870 P.2d 9

**Carol M. LIEBELT, Plaintiff–Respondent,**

v.

**Kenneth H. LIEBELT, Defendant–Appellant.**

**No. 20171.**

Court of Appeals of Idaho.

March 3, 1994.

Cox & Ohman, Idaho Falls, for appellant. John Ohman argued.

Edward W. Pike and Todd R. Erikson, Idaho Falls, for respondent. Todd R. Erikson argued.

WALTERS, Chief Judge.

This is an appeal following a remand for supplemental findings in a divorce action. As in the first appeal, the central issue concerns the magistrate's decision to set aside the parties' prenuptial agreement. Based upon the magistrate's supplemental findings, we now affirm the magistrate's divorce decree. In so doing, we also uphold the magistrate's division of the parties' property, an issue raised but not reviewed in the earlier appeal.

### Facts and Procedural Background.

Carol and Kenneth Liebelt entered into a prenuptial agreement prior to their marriage in 1986. Upon their divorce in 1987, the parties began litigating the enforceability of that agreement. At trial, the magistrate held that the agreement was void and divided the parties' assets under state law. Kenneth appealed, contending that the agreement was valid and enforceable, and alternatively, that the magistrate's division of assets was unequal and contrary to law. Without reviewing the issues involving the property division, this Court remanded the case for additional findings on whether the agreement was unenforceable by reason of abandonment or rescission. *See Liebelt v. Liebelt,* 118 Idaho 845, 801 P.2d 52 (Ct.App.1990) (*Liebelt I* ). When remanding the case, we stated:

> However, it is unapparent from the record in this case whether either of these theories was argued at trial. The record does not clearly indicate whether the parties intended to rescind or abandon the contract. . . . ° We remind the trial court that it is within its discretion to determine whether the existing record is sufficient, or should be supplemented, in order to make the required findings of fact and conclusions of law on remand. In the event the trial court determines that the agreement was valid, the court is directed to divide the assets of the parties in accordance with the parties' intentions as governed by the prenuptial agreement.

*Id.,* at 849, 801 P.2d at 56.

Kenneth subsequently filed a motion to disqualify the magistrate who had presided over the original trial from deciding the issues on remand. The magistrate denied the motion. Based upon the existing evidentiary record, and after considering the written and oral arguments of counsel, the magistrate issued supplemental findings and conclusions. He held that the parties had not litigated the issue of rescission, but that the theory of abandonment had been tried by their implicit consent. He then found that the parties had voluntarily abandoned the agreement and reaffirmed his division of the parties' property. Kenneth appealed to the district court, which, sitting in its appellate capacity, upheld the magistrate's decision. This appeal followed.

## Issues on Appeal.

In this appeal, Kenneth raises the following for our review:

1. Did the magistrate err in declining to recuse himself from the proceedings on remand?

2. Did the magistrate err in finding that the parties had in fact abandoned their agreement?

3. Did the magistrate err in finding that the theory of "abandonment" had been tried by consent of the parties?

4. Did the magistrate err in dividing the parties' property?

## Standard of Review.

■ Where, as here, the issues before us are the same as those considered by the district court sitting in an appellate capacity, we will review the trial record with due regard for, but independently from, the district court's decision. *Liebelt I,* 118 Idaho at 847, 801 P.2d at 54. We will defer to findings of fact which are based on substantial, although conflicting, evidence. *Id.* The trial court's discretionary decisions will be upheld absent a showing that the court abused its discretion. *See Bell v. Bell,* 122 Idaho 520, 835 P.2d 1331 (Ct.App.1992). When an exercise of discretion is reviewed on appeal, we inquire (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). With respect to the trial court's conclusions of law, however, we exercise free review. *Liebelt I,* 118 Idaho at 847, 801 P.2d at 54.

## 1. The magistrate correctly declined to recuse himself from the proceedings on remand.

■ We first consider Kenneth's threshold claim that the magistrate should have recused himself from deciding the issues on remand. Kenneth asserts that the remand ordered by this Court triggered his right under I.R.C.P. 40(d)(1) to disqualify the magistrate upon request. He relies on subsection (F) of that rule which grants to each party the right, upon a timely motion, to disqualify one district judge or magistrate without cause where a "new trial has been ordered." I.R.C.P. 40(d)(1)(F). However, we did not remand the case for a "new trial." As our opinion makes clear, we remanded the case for the limited purpose of having the magistrate make additional written findings on particular issues of fact which had already been tried before him. Accordingly, Rule 40(d)(1)(F) did not apply to grant Kenneth an automatic right to disqualify the magistrate without cause.

Furthermore, Kenneth's motion to disqualify without cause appears to have been untimely under I.R.C.P. 40(d)(1)(B).[1] The motion was docketed on March 14, 1991, more than twenty-one days after this Court filed the remittitur ordering the remand, and more than seven days after the magistrate's order for scheduling. Therefore, the motion to disqualify without cause was properly denied on the additional ground that it was untimely.

■ Kenneth also contends that the magistrate was biased or prejudiced against him personally and should have recused himself "for cause" under I.R.C.P. 40(d)(2). The denial of a motion to disqualify for cause is reviewed under an abuse of discretion standard. *Bell v. Bell,* 122 Idaho 520, 835 P.2d 1331 (Ct.App.1992). Kenneth argues that the magistrate exceeded the boundaries of his discretion by failing to find, under the

---

1. The Rule provides:

a motion for disqualification without cause must be filed not later than seven (7) days after service of a written notice or order setting the action for status conference, trial or for hearing on the first contested motion, or not later than twenty-one (21) days after service or receipt of a complaint, summons, order or other pleading indicating or specifying who the presiding judge or magistrate to the action will be. I.R.C.P. 40(d)(1)(B). The remittitur ordering the case remanded was filed December 15, 1990; the magistrate's subsequent order for scheduling on remand was dated January 29, 1991.

applicable legal standard, that he was biased and prejudiced. *See* I.R.C.P. 40(d)(2)(A)(4). Kenneth maintains that bias is clearly demonstrated by the record of the trial proceedings in which the magistrate issued a contempt order and awarded attorney fees against him. In considering Kenneth's argument, we observe that a judge is not disqualified from hearing the case on the ground that he has made adverse rulings in the case. *Bell,* 122 Idaho at 530, 835 P.2d at 1341. Bias, in order to be a ground for disqualification, must stem from the judge forming an opinion on the merits of the case on some basis other than what has been learned from presiding over the case. *See e.g., United States v. Grinnell Corp.,* 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *Rosen v. Sugarman,* 357 F.2d 794 (2nd Cir.1966).

We have reviewed the record of proceedings in this case and discern no pattern or inclination of bias by the magistrate for or against either party. We therefore conclude that Kenneth has failed to show an abuse of discretion. Finding no error, we uphold the magistrate's denial of the motion to disqualify himself for cause.

2. **Substantial evidence supports the finding that the parties voluntarily abandoned their prenuptial agreement.**

▮ We next consider whether the magistrate erred in finding that the parties abandoned their prenuptial agreement. As we stated in *Liebelt I:*

> A contract is abandoned where the acts of one party are inconsistent with the existence of the contract and are acquiesced in by the other party. Abandonment of the contract is a question of intent. Such intent can be shown by corresponding conduct as demonstrated by surrounding facts and circumstances. In other words, abandonment may be implied from the parties' actions.

118 Idaho at 849, 801 P.2d at 56 (citations omitted).

By its supplemental findings, the magistrate found that the prenuptial agreement was not put in place by either of the parties during their marriage, and that they had not followed the agreement during the divorce

proceedings. He further found that neither party had objected to the other's noncompliance, and that, accordingly, the parties had voluntarily abandoned the agreement. Disputing these findings, Kenneth denies he intended to abandon the prenuptial agreement, that he acted inconsistently with its terms, or that he acquiesced in Carol's inconsistent acts. We conclude, however, that the record contains substantial, though conflicting, evidence from which the magistrate could reasonably infer that the parties had abandoned their agreement.

The evidence introduced at trial demonstrates that the prenuptial agreement was not followed during the marriage. Although the agreement stated that the parties intended to "combine their separate property," and required that the parties execute, acknowledge and deliver any documents necessary to accomplish this intent, the evidence was that neither party signed or delivered any papers to transfer ownership or to show joint ownership of the property. The testimony also indicated that Kenneth unilaterally cancelled his stock purchase plan and his investment plan, contrary to the agreement's express provision that such items could not be sold without mutual consent of both parties. Nor did the parties abide by the agreement's provisions for appointing an appraiser at the time the parties separated. In fact, neither party has sought to divide the property in the manner provided in the agreement.

We conclude that the evidence of the parties' conduct was sufficient to enable the magistrate to infer that the parties had abandoned their agreement. Because substantial evidence supports the magistrate's finding, we will not disturb that finding on appeal.

3. **The magistrate did not abuse its discretion in holding that the issue of "abandonment" had been tried by consent of the parties.**

▮ We turn next to Kenneth's assertion that the magistrate erred in using the theory of abandonment—a theory not raised in the pleadings—to set aside the prenuptial agreement. In the supplemental findings issued on remand, the magistrate held that the par-

ties had implicitly consented to litigate the issue of abandonment. Kenneth denies he ever consented to try the issue of abandonment, expressly or implicitly. He argues that the magistrate's contrary holding is unsupported by the record and must be reversed.

Rule 15(b) of the Idaho Rules of Civil Procedure provides that "where issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings...." I.R.C.P. 15(b). Although this rule specifies that when a theory of recovery is tried fully by the parties the trial court may base its decision on that theory and deem the pleadings amended accordingly, an issue not tried by either express or implied consent cannot be the basis of the decision. *M.K. Transport, Inc. v. Grover,* 101 Idaho 345, 612 P.2d 1192 (1980).

 The determination whether an issue not raised by the pleadings was tried by the implied consent of the parties involves a discretionary decision of the trial court. *Lynch v. Cheney,* 98 Idaho 238, 561 P.2d 380 (1977); *Mikesell v. Newworld Dev. Corp.,* 122 Idaho 868, 840 P.2d 1090 (Ct.App.1992). The exercise of discretion must be consistent with the due process requirement, as contemplated by Rule 15(b), that the parties have sufficient notice of the issues before the court and an opportunity to address those issues with evidence and argument. *Ross v. Coleman Co., Inc.,* 114 Idaho 817, 761 P.2d 1169 (1988); *M.K. Transport, Inc.,* 101 Idaho at 349, 612 P.2d at 1196. Notice of an issue is not established merely because evidence relevant to that issue was introduced; it must appear the parties understood that the evidence was aimed at the unpleaded issue. *Ross,* 114 Idaho at 827, 761 P.2d at 1179; *M.K. Transport, Inc.,* 101 Idaho at 349, 612 P.2d at 1196. Hence, it is error for the trial court to base its decision on an unpleaded issue where nothing in the record indicates that the issue was litigated at trial. *M.K. Transport, Inc.,* 101 Idaho at 349, 612 P.2d at 1196.

 Kenneth avers that because this Court in *Liebelt I* held that "the record does not clearly indicate whether the parties intended to abandon their agreement," 118 Idaho at 849, 801 P.2d at 56, the magistrate was precluded from finding, upon the identical, unsupplemented record on remand, that the parties had in fact consented. We disagree. In remanding the case for additional findings, we merely observed our limited role in reviewing factual issues. As explained by our Supreme Court,

> The absence of findings and conclusions may be disregarded by the appellate court *only* where the record is clear, and yields an obvious answer to the relevant question.... Absent such circumstances, the failure of the trial court to make findings of fact and conclusions of law concerning the material issues arising from the pleadings, upon which proof is offered, will necessitate a reversal of the judgment and a remand for additional findings and conclusions....

*Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 996 (1982) (emphasis original).

By declining to decide on appeal whether the parties had consented to try the issue of abandonment, we did not conclude that the record was inadequate to support a such finding. Rather, we concluded only that the record did not yield an "obvious answer" to this inherently factual question. Accordingly, we remanded the case for the magistrate to make the necessary determinations as the trier of fact.

Moreover, we now conclude that the record was sufficiently clear to indicate to both parties that the theory of abandonment was before the court. In her trial brief, Carol argued:

> neither party ever implemented the terms of the agreement by either deeding or assigning by bill of sale or appropriate other document an undivided one-half interest in the separate property of each other [as required by the terms of the agreement]. This brings into question ... was the agreement duly implemented or did the parties merely agree to something that they never followed through on until the time of divorce?

. . . . .

Further, the agreement was never recorded. Therefore, under Idaho Code § 32–919, it would be the same as a conveyance of real property that had not been recorded, which again brings into question whether or not the parties intended to implement the agreement, was there an adequate delivery, *or did the parties abandon the agreement?*

. . . . .

*A rescision [sic] or abandonment by consent may be implied from the acts of the parties or from inconsistent acts.*

Plaintiff's trial brief, at 6, 7 (emphasis added).

Based upon the record, we conclude both parties understood, or should have understood, that the evidence at trial concerning their noncompliance with the terms of the agreement was aimed at the issue of abandonment. Therefore, we conclude that Kenneth has failed to demonstrate an abuse of discretion and we uphold the magistrate's finding that the issue of abandonment was implicitly tried by the parties.

### Dividing the parties' property.

Although Kenneth challenged the property division in the first appeal, we did not reach that issue because additional findings on the enforceability of the prenuptial agreement were needed, and the possibility existed that the property would have to be redivided as a consequence of those findings. Thus, in remanding the case on the limited issue of the enforceability, we stated: "In the event the trial court determines that the agreement was valid, the court is directed to divide the assets of the parties in accordance with the parties' intentions as governed by the prenuptial agreement." *Liebelt I,* 118 Idaho at 849, 801 P.2d at 56. As evident in the instant appeal, the magistrate's additional findings supported his original conclusion that the agreement was unenforceable, and conse-

quently he had no occasion to revisit the issue of the property division. Having affirmed the magistrate's decision to set aside the prenuptial agreement, we now consider whether the magistrate erred in dividing the parties' community property under state law.[2]

█ Kenneth first asserts that the magistrate failed to seek an equal division of the parties' community property which, absent a finding of "compelling reasons," was in error. *See* I.C. § 32–712. We note, however, that in his findings and conclusions the magistrate expressly held that "the community property of the parties should be allocated and divided as near to equal as possible." This conclusion makes clear that the magistrate set out to achieve a substantially equal division of the parties' community assets under I.C. § 32–712. Where the magistrate has set out to achieve equality, the decree will not be disturbed on appeal if it appears, upon substantial, albeit conflicting evidence, that the parties have received substantially equal shares. *Donndelinger v. Donndelinger,* 107 Idaho 431, 690 P.2d 366 (Ct.App.1984).

Kenneth contends, however, that substantial equality was not achieved, asserting that the trial court erroneously considered his "past salary" as an asset to be divided between the parties. Although unclear from his argument, this position appears to derive from the magistrate's finding that, during the period of their separation, Kenneth had a disposable income of $12,142.34, whereas Carol's net disposable income for the same period was only $4,203.15. However, Kenneth's contention that the magistrate treated this past income as a divisible asset simply is not born out in the record. The record shows that the parties' previous incomes were not allocated in the property division. In her post-trial motion, Carol complained that the finding of past income from salaries had not been accounted for in the property division, and requested that the property awards be amended to take into account the

---

**2.** Relying on the "law of the case" doctrine, Carol argues that Kenneth has waived the issue of property division by failing to raise it on remand before the magistrate. This argument, however, is misplaced. The law of the case principle operates to preclude a party from raising issues which could have been, *but which were*

*not,* raised in the first appeal. *See Capps v. Wood,* 117 Idaho 614, 790 P.2d 395 (Ct.App. 1990). It is inapplicable here, where the appellant raised the issue in the first appeal, but this Court refrained from addressing it pending additional findings, and in view of the uncertain outcome, on remand.

disparity in those earnings. Denying Carol's request, the magistrate made clear that he did not intend to allocate the salaries. Rather, the relevance of the finding concerning prior salaries was to demonstrate that Kenneth's excessive spending—and not his lack of income—had caused the community to incur a substantial indebtedness during the parties' separation. The magistrate held Kenneth solely responsible for this debt, because Kenneth had incurred the debt in violation of the court's earlier restraining order, which required that Kenneth "refrain from incurring any community debt during the pendency of this action."

We have reviewed the property division and conclude that Kenneth has failed to demonstrate that it was not substantially equal. Accordingly, we will not disturb the magistrate's division of the property in the divorce decree.

### Conclusion

We conclude that the magistrate properly denied the motion to recuse himself in the proceedings on remand. We further hold that the magistrate did not err in finding that the parties had abandoned their prenuptial agreement, and that the magistrate did not err in determining that such theory had been tried by consent. Because we conclude that Kenneth has failed to demonstrate error in the property division, we also uphold that portion of the magistrate's decree. Accordingly, we affirm the decree of divorce.

Respondent, Carol Liebelt, is entitled to an award of her costs as provided in I.A.R. 40. No attorney fees are awarded on appeal.

LANSING and PERRY, JJ., concur.