896 P.2d 985

Eleanor Faye HUERTA, Plaintiff–
Respondent,

v.

Robert H. HUERTA, Defendant–
Appellant.

No. 21610.

Court of Appeals of Idaho.

May 22, 1995.

Robert H. Huerta, Selma, OR, pro se defendant-appellant.

Dial, Looze & May, Pocatello, for plaintiff-respondent.

PERRY, Judge.

In this case we are asked to review a district court's order affirming a magistrate's award of property in a divorce. After a review of the evidence and arguments, we affirm the magistrate.

## FACTS AND PROCEDURE

Robert and Faye Huerta were married in California in 1959. In 1972, the couple moved to eastern Idaho from Utah. Following a filing for divorce in 1983, the couple reconciled and continued to live in Idaho. In 1988, Faye again filed for a divorce, citing irreconcilable differences. A court trial was held on January 10, 1990, at which both parties presented evidence regarding the couple's assets and debts. This evidence included testimony regarding the couple's home in Inkom, Idaho; a parcel of property and improvements thereon in Josephine County, Oregon; a restored 1952 Jaguar; and the valuation of items of personal property.

Following the trial, the magistrate entered an order granting a decree of divorce and dividing the property. After an intermediate appeal to the district court, Robert appealed to the Idaho Supreme Court. The Supreme Court determined that the record in the case did not provide a clear and obvious explanation of the magistrate's findings and remanded the case for further findings. *Huerta v. Huerta*, 122 Idaho 278, 833 P.2d 911 (1992).

On remand, the matter was assigned to the magistrate that presided over the original trial. The magistrate held an additional hearing and allowed oral argument regarding the evidence presented in the trial but no new evidence was permitted. After the hearing, the magistrate issued an order setting forth findings of fact and conclusions of law regarding the nature and valuation of the parties' property. In addition to finding the nature of the assets—community or separate—and their values, this new order also contained explanations of how those were determined. Robert appealed to the district court, which affirmed the magistrate. Robert now appeals to this Court, claiming that the magistrate erred in determining the na-

ture and valuation of the assets and incorrectly divided the property.

## ANALYSIS

■ We first note that in reviewing a decision of the district court rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App. 1988).

In this case, Robert has essentially invited us to retry the case on appeal. He does not argue that there was insufficient evidence to support the division. Rather, Robert reargues the positions he took at trial and claims that the magistrate erred by failing to adopt his interpretation of the evidence.

■ Where a magistrate has set out to achieve equality in a division of property, the division and divorce decree will not be disturbed on appeal if it appears through substantial, albeit conflicting, evidence that the parties have received substantially equal shares. I.C. § 32–712. *Liebelt v. Liebelt,* 125 Idaho 302, 870 P.2d 9 (Ct.App.1994); *Wood v. Wood,* 124 Idaho 12, 855 P.2d 473 (Ct.App.1993). When there is conflicting evidence regarding property division, it is the magistrate's task to evaluate the credibility of the witnesses and to weigh the evidence presented. *Desfosses v. Desfosses,* 120 Idaho 354, 815 P.2d 1094 (Ct.App.1991).

### A. MONEY FROM HENRY HUERTA

■ At trial, the parties gave conflicting evidence regarding approximately $15,000 received from Henry Huerta, Robert's father, to help construct the couple's home in Idaho. Robert testified that the money was a loan, which was to be repaid. No formal documents regarding the alleged loan were ever signed nor any payment schedule or interest discussed. Robert also testified that his father assigned the loan to Robert after the divorce, effectively forgiving the debt. Faye testified that she understood the money was a gift to both parties and would not be repaid. After hearing all of the evidence, the magistrate concluded that the money was a

gift to the community and therefore did not need to be considered in calculating the community debt. Although the evidence was conflicting, the magistrate's decision was based on substantial and competent evidence. We find no abuse of discretion in the magistrate's determination in this regard.

### B. OREGON PROPERTY

■ There was extensive testimony at trial concerning a parcel of property in Josephine County, Oregon. The property, initially owned by Robert's sister, was for a short time owned by Robert's parents. A one-half interest in the property was deeded to Robert from his parents. Although there was no question that the land itself was Robert's separate property, the community efforts of Faye and Robert, including labor and money to construct a cabin on the land, significantly increased the value of the property. During the trial, Robert and Faye gave conflicting testimony about the amount of money and labor that the community invested in improving the property. The magistrate determined that at the time the improvements were being made, there was an intent and tacit understanding between the parties that the community would eventually own the property and that Robert and Faye would retire there. Based on this finding, the magistrate relied on *Suchan v. Suchan,* 106 Idaho 654, 682 P.2d 607 (1984), to conclude that the community was entitled to reimbursement. Using the value of the property as evidenced at trial, the magistrate determined that the community was entitled to reimbursement in the amount of $29,000.

Robert's arguments on appeal repeat his testimony at trial with added detail. He also argues that *Suchan* was not applicable and that *Jensen v. Jensen,* 124 Idaho 162, 857 P.2d 641 (Ct.App.1993), states the controlling case law. In *Jensen,* this Court determined that the community was not entitled to reimbursement when there was no tacit agreement that the property was to eventually be owned by either or both of the parties. Because the magistrate determined in this case that there was a tacit agreement that the property would eventually become part of the community, and because this finding was

supported by substantial evidence, the magistrate did not err in applying *Suchan*. Similarly, Robert's arguments on appeal do not convince us that the magistrate erred in concluding that the community was entitled to reimbursement based on Robert and Faye's joint efforts to improve the property.

## C. 1952 JAGUAR

■ Prior to the marriage, Robert owned a Jaguar automobile that was subject to an outstanding debt. Once the couple was married, the vehicle was sold and the proceeds were used on various community expenses. Later, in 1963 or 1964, a 1952 Jaguar XK120 was purchased with community funds while the couple was living in Utah. Because of the condition of the car, a great deal of restoration was required. This restoration was paid for out of community funds, and Robert did a majority of the labor himself. Robert argued at trial that the Jaguar was his separate property. The magistrate disagreed, finding that because the car was paid for with community funds and restored with community funds and labor, it was community property.

Robert's claim that the Jaguar was separate property is based on his argument that because the car was purchased and largely restored while the couple resided in Utah, Utah law is applicable. At trial, however, Robert failed to comply with I.R.C.P. 44(d), which states:

> If either party to an action intends to request the court to take judicial notice of the statutes or laws of a foreign state, a brief or memorandum citing such foreign law shall be submitted to the court and opposing counsel at least ten (10) days prior to trial or hearing.

During trial, the magistrate recognized that Robert had not complied with I.R.C.P. 44 and declined to apply Utah law to the Jaguar. Nothing in Robert's argument on appeal addresses his failure to comply with I.R.C.P. 44(d). Accordingly, we conclude that the magistrate properly followed I.R.C.P. 44(d) and applied Idaho law as to the Jaguar.[1] Therefore, there was no error

by the magistrate in concluding that the Jaguar was community property.

## D. REMAINING ISSUES

■ The remaining issues on appeal involve the parties' income and expenses during the separation period and the magistrate's valuation of certain items of personal property. Robert's arguments on appeal consist of reiteration of those made at trial and a number of arguments and statements of fact that were not advanced at trial. Issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). It is not the role of this Court to entertain new allegations of fact and consider new evidence. Therefore, having reviewed only those matters which were properly raised below, we conclude that the remaining issues on this appeal are without merit and we decline to discuss them further.

## E. ATTORNEY FEES ON APPEAL

■ Faye, who was awarded attorney fees by the district court on the intermediate appeal, also requests attorney fees on this appeal. She claims that under I.C. § 12–121 and I.R.C.P. 54(e)(1) she is entitled to fees because Robert's appeal has been brought frivolously, unreasonably and without foundation. We agree.

In addition to an award of fees pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1) at the trial court level, attorney fees may also be awarded on appeal. In discussing such an award on appeal, this Court has stated:

> Where the appellant fails to present any significant issue on appeal regarding a question of law, where no findings of fact made by the trial court are clearly or arguably unsupported by substantial evidence, where we are not asked to establish any new legal standards or modify existing ones, and where the focus of the case is on the application of settled law to the facts, the appeal is deemed to be without foundation. Under those circumstances, attorney fees should be awarded to the respondent.

---

1. Our decision on this issue is not meant to imply that even if Utah law was found to apply to the

Jaguar, it would be determined to be separate property.

*Troche v. Gier*, 118 Idaho 740, 742, 800 P.2d 136, 138 (Ct.App.1990).

In this case, Robert attempts to reargue facts that he was unable to establish at trial. He also attempts to introduce on appeal new facts and evidence that were not in the record below. No cogent legal arguments are made and there is nothing in Robert's argument requesting a repeal or modification of existing law. Accordingly, we deem an award of attorney fees under I.C. § 12–121 to be appropriate in the case.

## CONCLUSION

The magistrate's division of property was supported by substantial and competent evidence and is therefore affirmed. The arguments made on appeal did not present any significant issue regarding a question of law and merely attempted to retry the case. Accordingly, costs and attorney fees on appeal are awarded to respondent, Faye Huerta.

WALTERS, C.J., and LANSING, J., concur.